## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *REGINALD BRACK,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | *Docket No. 06-144-P-H* |
| | ) | |
| *BLUE WATER MARINA, LLC, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

### *RECOMMENDED DECISION ON MOTION FOR ENFORCEMENT OF STIPULATION OF DISMISSAL AND TO DISMISS PLAINTIFF'S CLAIM FOR ATTORNEY FEES*

The defendants move to "enforce" a stipulation of dismissal filed by the parties on January 12, 2007. Docket No. 16. They also ask the court to "dismiss" the plaintiff's claim for attorney fees. This motion comes before the court by a unique procedural path. The stipulation of dismissal provides, in pertinent part:

> Said dismissal with prejudice is as a result of the payment of certain monies to be paid to the plaintiff's attorney . . . in the amount of . . . Sixty-Eight Thousand Two Hundred Thirty-Two and 13/100 Dollars ($68,232.13) in claimed costs and expenses, including attorney fees, incurred by the Plaintiff . . . .
> Defendants dispute the above-specified amount of costs, expenses, and attorneys' fees due . . . . The parties hereby agree that this Court shall retain jurisdiction and hold a testimonial hearing . . . to determine what amount of costs, expenses, and attorneys' fees the Defendants owe to the Plaintiff. If this Court determines that the total amount due for such costs and expenses, including reasonable attorneys' fees, exceeds $68,232.13, Defendants shall pay immediately to Plaintiff any such amount over and above $68,232.13. If this Court determines that the total amount due for such costs and expenses, including reasonable attorneys' fees, is less than $68,232.13, Plaintiff shall pay immediately to defendants the difference between such total amount due and $68,232.13.

Stipulation of Dismissal (Docket No. 16) at [1]-[2].

1

Twenty-six days later, the defendants filed an Unopposed Motion for Determination of Attorneys' Fees (Docket No. 18), which stated, in relevant part:

> 3. Said Dismissal set forth monies to be paid by the Defendants to the Plaintiff and said monies have in fact been paid. Defendants paid the full amount of the attorneys' fees demanded by Plaintiff in order to facilitate dismissal of this case. The Stipulation of Dismissal sets out that the amount of attorneys' fees paid was in dispute. The parties have agreed that this Court shall retain jurisdiction to determine reasonable attorneys' fees . . . despite the fact that they have already been paid.
>
> * * *
>
> 5. Counsel for Plaintiff has reviewed the text of this Motion and does not oppose the determination of attorneys' fees by the Court after a non-testimonial hearing with oral argument by counsel for the parties[.]
>
> 6. Counsel for Defendants does not waive his right to request a testimonial hearing.
>
> WHEREFORE, the defendants respectfully request this Honorable Court set this matter for a telephonic pretrial [sic] conference to determine the issues and to set a hearing to determine reasonable attorneys' fees.

Unopposed Motion for Determination of Attorneys' Fees (Rule 54.2) at [1]-[2]. I held a telephone conference with counsel on February 15, 2007, following which I entered an order on the docket that provided, in relevant part, as follows:

> ORDER – No Action Necessary on 18 Motion for Attorney Fees . . . . A telephone conference with held with counsel this date on this motion. . . . Counsel advised that there is an outstanding claim for attorney fees in this case which has otherwise been concluded with the filing of a stipulation of dismissal. That being so, I confirmed that such fee claim is to be pursued by application filed in accordance with Local Rule 54.2 and that, when the application is fully briefed, it will be decided on the papers.

Docket No. 20. The next entry on the docket is the filing of the instant motion by the defendant on August 13, 2007.

The defendants seek return of the designated funds from the plaintiff on the grounds that the plaintiff has failed to provide proper evidentiary support for his claim. Motion for Enforcement of Stipulation of Dismissal and Motion to Dismiss Plaintiff's Claim for Attorneys' Fees ("Motion")

(Docket No. 22) at 3. The plaintiff responds that the defendants' motion is untimely under this court's Local Rule 54.2, that he has provided all necessary supporting data with the exception of certain information that is protected by the attorney-client privilege and thus would be made available only to the court *in camera*, and that he is entitled to the full amount of fees claimed on the merits. Plaintiff's Opposition to Motion for Enforcement, etc. ("Opposition") (Docket No. 24) at [1]-[4]. In their reply, the defendants point out that the plaintiff has not filed an application for the fees as directed by my order of February 15, 2007 and argue that there is no time limit on a motion to enforce a settlement agreement. Reply to Plaintiff's Opposition to Motion for Enforcement, etc. (Docket No. 25) at [1]-[2].[1]

Local Rule 54.2 provides, in relevant part:

> An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal to the Court of Appeals has been filed shall be filed within 30 days of the expiration of the time for filing a timely appeal.

As the plaintiff notes, Opposition at [1]-[2], Rule 4 of the Federal Rules of Appellate Procedure provides a 30-day appeal period "after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1). By any applicable measure, the time for filing an application for attorney fees in this case has long since expired.

Contrary to the plaintiff's argument, the fact that the parties have essentially put the amount of the plaintiff's claim for attorney fees in escrow does not transfer the responsibility for filing an application for an award of attorney fees from the party seeking the fees to the party opposing that claim. The burden remained with the plaintiff in this case, who was at all times the party seeking to recover attorney fees, to file a timely application. He did not do so. Accordingly, the defendants are entitled to the return of the $68,232.13 that they conditionally paid over on this claim.

---

[1] Counsel for both parties are reminded that all memoranda pages are to be numbered at the bottom. Local Rule 7(e).

For the foregoing reasons, I recommend that the motion to enforce the settlement agreement be **GRANTED** and the plaintiff ordered to pay to the defendant the sum of $68,232.13 (sixty-eight thousand two hundred thirty-two dollars and thirteen cents).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of October, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge